GRIMES, Chief Judge.
The state seeks review of an order of the circuit court sitting in its appellate capacity which reversed an order of the county court denying defendant Crawford’s motion for taxation of costs.
Mr. Crawford pled not guilty in county court to a charge of cruelty to animals. Thereafter, he obtained several continuances because of his physical inability to withstand the rigors of trial. Finally, the county court held an evidentiary hearing concerning his health. After hearing testimony and reports from two doctors, the court dismissed the criminal action. The state then appealed, but on appeal the circuit court affirmed the dismissal. The state did not seek further review in this court. Subsequently, Mr. Crawford moved for an order of discharge. The court denied this motion after having made the following findings:
1. The charge against the defendant in the above action has been dismissed.
2. The State of Florida is without authority to prosecute defendant on the charges in the above action.
3. For all practical purposes, defendant has been discharged by the dismissal of the charge..
Mr. Crawford also moved for taxation of costs. The county court denied this motion too, but on appeal the circuit court reversed and ordered the county court to enter a *823 costs judgment in Mr. Crawford’s favor. Thereafter, the state timely filed a petition for a writ of certiorari in this court.
The statutes on which the circuit court based its reversal of the county court were Sections 939.06 and 939.07, Florida Statutes (1977). They read, in pertinent part, as follows:
939.06 Acquitted defendant not liable for costs. — No defendant in a criminal prosecution who is acquitted or discharged shall be liable for any costs or fees of the court or any ministerial office, or for any charge of subsistence while detained in custody. .
939.07 Pay of defendant’s witnesses. —In all criminal cases prosecuted in the name of the state in the circuit courts or county courts in this state where the defendant is insolvent or discharged, the county shall pay the legal expenses and costs, as is prescribed for the payment of costs incurred by the county in the prosecution of such cases .
We do not think that these sections support the circuit court’s action. The only two situations in which a defendant is not liable for costs are when he is acquitted or when he is discharged. Here, Mr. Crawford was neither acquitted, nor was he discharged. While the county court did say that for all practical purposes Crawford was discharged by the dismissal, it is our opinion that the court did not mean that there had been a true discharge such as to bring Sections 939.06 and 939.07 into operation. Rather, the court was simply stating the obvious. The dismissal occasioned by the defendant’s health had the practical effect of precluding further prosecution.
Our decision comports with common sense and justice. The obvious purpose of Sections 939.06 and 939.07 is to protect a defendant from costs when he is innocent or when the state fails to pursue a vigorous prosecution. In the present case, neither of these two factors was present. Mr. Crawford’s discharge was solely because of his ill health and not because the state was lax in its prosecution or did not have sufficient evidence with which to convict him.
We grant the petition for a writ of certio-rari, reverse the decision of the circuit court, and reinstate the order of the county court denying the motion to tax costs.
HOBSON and BOARDMAN, JJ., concur.